UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of Collins Plumbing, Inc., a California Corporation; COLLINS PLUMBING, INC., <br><br> Plaintiffs, <br> v. <br><br> TURNER-PENICK JOINT VENTURE et al., <br><br> Defendants. <br><br> AND RELATED COUNTER-CLAIMS AND THIRD-PARTY CLAIMS | Civil No. 3:11-cv-2834-GPC-MDD <br><br> **ORDER GRANTING JOINT MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** <br><br> **(ECF NO. 181)** |

On July 16, 2014, Turner-Penick Joint Venture ("Turner-Penick") and Walsh Engineers, Inc. ("Walsh") filed a joint motion for determination of good faith settlement. (ECF No. 181.) The Court set a deadline of August 1, 2014, for the nonsettling parties to respond to this joint motion. (ECF No. 182.) To date, the Court has received no response in opposition to Turner-Penick and Walsh's joint motion.

Under California law, "[w]here a release . . . is given in good faith before . . . judgment to one or more of a number of tortfeasors claimed to be liable for the same

1  tort, or to one or more other co-obligors mutually subject to contribution rights," the
2  release shall, among other things, "discharge the party to whom it is given from all
3  liability for any contribution to any other parties." Cal. Code Civ. P. § 877.

4        To obtain a determination that it reached a settlement in good faith, "a settling
5  party may give notice of settlement to all parties and to the court, together with an
6  application for determination of good faith settlement." Cal. Code Civ. P. §
7  877.6(a)(2). Nonsettling parties are thereafter given an opportunity to contest the
8  settlement. Id.

9        If, after reviewing the application for determination of good faith settlement and
10 any response(s) thereto, the court determines the settlement was entered in good faith,
11 "any other joint tortfeasor or co-obligor" is barred "from any further claims against the
12 settling tortfeasor or co-obligor for equitable comparative contribution, or partial or
13 comparative indemnity, based on comparative negligence or comparative fault." Id.
14 § 877.6(c); Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d 488, 494
15 (1985); Commercial Union Ins. Co. v. Ford Motor Co., 640 F.2d 210, 212 (9th Cir.
16 1981).

17       The party asserting a lack of good faith has the burden of proof on that issue.
18 Cal. Code Civ. P. § 877.6(d).

19       To meet the standard of "good faith," the amount of the settlement must be
20 "within the reasonable range of the settling tortfeasor's proportional share of
21 comparative liability for the plaintiff's injuries." Tech-Bilt, 38 Cal. 3d at 499; see also
22 Torres v. Union Pac. R. Co., 157 Cal. App.3d 499 (1984) (holding that "a
23 co-defendant's settlement price cannot be grossly disproportionate to his fair share of
24 the damages").

25       In applying the reasonable-range test, courts may consider the following factors:
26 (1) "a rough approximation of the plaintiffs' total recovery and a settlor's proportionate
27 liability"; (2) "the amount paid in settlement"; (3) "a recognition that a settlor should
28 pay less in settlement than if found liable after a trial"; (4) "the allocation of settlement

proceeds among plaintiffs"; (5) "the financial conditions and insurance policy limits of settling defendants"; and (6) evidence of "collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." Tech-Bilt, 38 Cal. 3d at 499. A settlement will be deemed to have been reached in good faith, so long as it is not so far "out of the ballpark" in relation to the foregoing factors "as to be inconsistent with the equitable objectives of the statute." Id. at 499-500.

A court must only weigh the Tech-Bilt factors when the good-faith nature of a settlement is disputed. Marine Grp., LLC v. Marine Travelift, Inc., 2013 WL 416407, at *4 (S.D. Cal. Jan. 30, 2013) (citing City of Grand Terrace v. Super. Ct., 192 Cal. App. 2d 1251, 1261 (1987)). In the absence of a dispute, a "barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient." Id.

Here, because no nonsettling party has objected to the instant joint motion for determination of good faith settlement, the Court need not apply the Tech-Bilt factors. Having reviewed the joint motion, the Court will grant the joint motion as unopposed. Accordingly, **IT IS HEREBY ORDERED** that Turner-Penick and Walsh's Joint Motion for Determination of Good Faith Settlement, (ECF No. 181) is **GRANTED**.

DATED: August 5, 2014

HON. GONZALO P. CURIEL
United States District Judge